| | |
|---|---|
| 1 | SCOTT J. WITLIN (SBN 137413) |
|   | switlin@btlaw.com |
| 2 | STEVE L. HERNANDEZ (SBN 229065) |
|   | shernandez@btlaw.com |
| 3 | **BARNES & THORNBURG LLP** |
|   | 2049 Century Park East, Suite 3550 |
| 4 | Los Angeles, California 90067 |
|   | Telephone: 310.284.3880 |
| 5 | Facsimile: 310.284.3894 |
| 6 | Attorneys for Defendant |
|   | CENTERPLATE, INC. and CENTERPLATE OF |
| 7 | DELAWARE, INC. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE WILLIAMS, individually and on behalf of all others similarly situated and on behalf of the general public, | Case No.   **'11CV2159 H    CAB** |
| Plaintiffs, | **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453** |
| v. | [Filed Concurrently with the Declaration of Scott J. Witlin, Declaration of Nancy Robinson, Declaration of Greg Lesperance, Declaration of Adrian Villegas, and Civil Cover Sheet] |
| CENTERPLATE, INC., a Delaware Corporation; CENTERPLATE OF DELAWARE, INC., a Delaware corporation; and DOES 1 to 100, inclusive | |
|   | **CLASS ACTION** |
| Defendant. | Removed from the Superior Court of California, County of San Diego, Case No. 37-2011 00090974-CU-OE-CTL |

NOTICE OF REMOVAL OF CIVL ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

PLEASE TAKE NOTICE THAT Defendants Centerplate of Delaware, Inc. and Centerplate, Inc. ("Defendants" or "Centerplate") hereby remove this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(d), 1441(b), 1446, and 1453 for the reasons stated below:

### PLEADINGS AND PROCEEDINGS TO DATE

1. On May 9, 2011, Plaintiff Gene Williams ("Williams") individually and on behalf of a putative class, filed a Complaint in the Superior Court of California for the County of San Diego, designated as *Gene Williams, individually and on behalf of all others similarly situated and on behalf of the general public, v. Centerplate, Inc. a Delaware Corporation and Centerplate of Delaware, Inc., a Delaware corporation*, Case No. 37-2011 00090974-CU-OE-CTL (the "Lawsuit"). That Complaint, however, was not initially served on Defendants.

2. Instead, on August 11, 2011, Williams filed a First Amended Complaint (the "FAC") in the same action and on August 17, 2011, served Centerplate of Delaware, Inc. and Centerplate, Inc. with the Summons, Complaint, and FAC. The pleadings contained in the Superior Court case file as of September 14, 2011 are attached to the Declaration of Scott J. Witlin ("Witlin Decl."), Exhibits 1-7.[1]

3. The FAC alleges that Defendants violated the California Labor Code and Industrial Wage Orders by their alleged: (1) failure to provide meal periods or compensation in lieu thereof; (2) failure to provide rest periods or compensation in lieu thereof; (3) failure to pay wages for hours worked; (4) failure to provide and maintain uniforms and equipment; (5) failure to timely pay wages due at termination; (6) knowing and intentional failure to comply with itemized employee wage statement

---

[1] The Declarations of Scott J. Witlin, Nancy Robinson, Greg Lesperance, and Adrian Villegas are filed concurrently herewith.

1  provisions; (7) violations of the unfair competition law; and (8) enforcement of Private
2  Attorneys General Act of 2004, Cal. Lab. Code  (Witlin Decl., Exhibit 3, ¶¶ 31-72).
3       4.    True and correct copies of the Summons, Complaint, FAC, Civil Cover
4  Sheet, Notice of Case Assignment, and two proofs of service, which encompasses all
5  process, pleadings and orders found in the Superior Court file in this action are attached
6  to Witlin Decl. as Exhibit 1-7, filed concurrently herewith. (Certain documents reflected
7  in the Superior Court's docket are not in the Superior Court docket file. See Declaration
8  of Adrian Villegas).

## TIMELINESS

5.    Thirty days since service of the Summons and Complaint have not yet expired.  Thus, this Notice is timely pursuant to 28 U.S.C. § 1446(b).  *See also* Fed. R. Civ. P. 6.

## JURISDICTION

6.    Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." The above-described action is a civil action of which this Court has original jurisdiction and, accordingly, may be removed pursuant to 28 U.S.C. § 1441.  Pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005)(codified at 28 U.S.C. §§ 1332(d)(2), 1453, and 1711-1715), federal district courts have original jurisdiction over a class action if: (1) it involves 100 or more putative class members; (2) any class member is a citizen of a state different from any defendants; and (3) the aggregate amount in controversy exceeds $5,000,000.00 (exclusive of costs and interest).  *See* 28 U.S.C. §§ 1332(d)(2), (d)(6), and (d)(11)(B)(i).

7.    Class size:  Williams alleges in the Complaint that "Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, *over a thousand employees* in positions as Defendants' non-exempt employees in California, who are or have been affected by Defendants' unlawful

practices as alleged herein." (emphasis added). Complaint at ¶ 24. Defendants do not dispute this claim. The potential class exceeds 100 members.

8. <u>Diversity of Citizenship</u>: Williams is currently a citizen of California, and was a citizen of California within the meaning of 28 U.S.C. § 1332(a) at the time he commenced this Lawsuit in state court because his domicile is and was within the State of California. (*See* Complaint, ¶ 5).

9. Centerplate of Delaware, Inc. is wholly owned by Centerplate, Inc. Centerplate of Delaware, Inc. was at the time this action was commenced, a citizen of the State of Delaware and the State of Connecticut under 28 U.S.C. Section 1332(c)(1), because it is now, and was, at the time this action was commenced, incorporated under the laws of the State of Delaware, and its corporate headquarters were in Stamford, Connecticut, which is the place where Centerplate of Delaware, Inc.'s officers direct, control and coordinate the corporation's activities. Thus, Centerplate of Delaware, Inc.'s principal place of business was and is in the State of Connecticut. Declaration of Greg J. Lesperance, ¶¶ 2-3.

10. Centerplate, Inc. was at the time this action was commenced, a citizen of the State of Delaware and the State of Connecticut under 28 U.S.C. Section 1332(c)(1), because it is now, and was, at the time this action was commenced, incorporated under the laws of the State of Delaware, and its corporate headquarters were in Stamford, Connecticut, which is the place where Centerplate, Inc.'s officers direct, control and coordinate the corporation's activities. Thus, Centerplate, Inc.'s principal place of business was and is in the State of Connecticut. Declaration of Nancy Robinson, ¶¶ 2-4.

11. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

12. Plaintiff Williams is a citizen of California and neither Defendant is a citizen of California. Thus, there is complete diversity of citizenship.

13. <u>Amount in controversy</u>: Williams does not allege a specific amount of damages in the Complaint. However, the numerous claims made by Williams with a potential class of over 1,000 employees easily raise the amount in controversy to well over $5,000,000.00. This threshold amount can be established as follows:

14. Williams seeks meal-period penalties for the class of at least 1000 employees. Assuming, conservatively, that each employee earned the California minimum wage of $8.00 per hour throughout the class period and assuming that Williams is able to show that each employee in the class missed one meal period per week throughout the class period, each employee would be entitled to one meal-period penalty per week. Thus, for the class period, meal-period penalties would amount to $1,664,000.00 ($8.00 x 52 weeks x 4 years x 1,000 employees). (Witlin Decl., Ex. 3, Prayer, ¶¶ 15).

15. Williams also seeks rest-period penalties for the class of at least 1000 employees. Assuming, conservatively, that each employee earned the California minimum wage of $8.00 per hour throughout the class period and assuming that Williams is able to show that each employee in the class missed one rest period per week throughout the class period, each employee would be entitled to one rest-period penalty per week if Williams were to prevail on this claims. Thus, for the class period, rest-period penalties would amount to $1,664,000.00 ($8.00 x 52 weeks x 4 years x 1,000 employees). (Witlin Decl., Ex. 3, Prayer, ¶¶ 15).

16. Williams also seeks California Labor Code § 226 penalties for each and every wage statement received by potential class members. § 226 provides for $50 for the first violative wage statement and $100 for each subsequent violation, with the penalty capped at $4,000.00 per aggrieved employee. The putative class members were paid on at least a bi-weekly basis, therefore, each employee would be entitled to $2,550.00 in penalties ($50.00 for each of the 1,000 employees for the first alleged violation, plus $100.00 x 25 weeks= $2550 per employee) were Williams to prevail on

this claim. This claim, then, is potentially worth approximately $2,550,000.00 for a class of 1,000 employees. (Witlin Decl., Ex. 3, Prayer, ¶¶ 14).

17. Williams further seeks § 203 penalties for each former employee. Assuming, conservatively, that each class member worked 5 hour shifts, earning $8.00 per hour, each day of work would amount to $40 of pay. Multiplying this by 30 days, per § 203, each former employee would be entitled to approximately $1,200.00 in § 203 penalties if Williams were successful on this claim. Though Williams fails to plead the number of former employees in the potential class, this claim is worth approximately $120,000.00 for every 100 former employees. (Witlin Decl., Ex. 3, Prayer, ¶¶ 11).

18. Additionally, Williams seeks § 2699 penalties, which amount to at least $100 per violative pay period per employee. Again assuming a class of 1,000 employees and biweekly pay periods, this claim is potentially worth at least $2,600,000.00 if Williams were to succeed on this claim.

19. Williams also alleges that he is entitled to reasonable attorneys fees for each cause of action. (Witlin Decl., Ex. 3, Prayer for Relief, ¶16).

20. Williams' ascertainable claims for meal-period violations, rest-period violations, wage-statement violations, and § 2699 claims, if proven, would total well more than $5,000,000.00. In addition, Williams seeks attorneys' fees in connection with each claim in his Complaint.

21. Because this class action involves a class exceeding 100 members, because Defendants are citizens of a different state than Williams, and amount in controversy exceeds the sum of $5,000,000.00 exclusive of interests and costs, diversity jurisdiction over this matter exists pursuant to 28 U.S.C. § 1332(d)(2), and this Lawsuit is properly removed pursuant to 28 U.S.C. § 1441.

## VENUE

22. This Lawsuit was filed and is pending in the Superior Court of California, County of San Diego.

23. Thus, this Lawsuit is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) because it is the judicial district and division in which the Lawsuit is pending.

24. This Notice will be promptly filed with the state court and served upon opposing counsel in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendants CENTERPLATE, INC. and CENTERPLATE OF DELAWARE, INC. hereby remove this action from the Superior Court of California, County of San Diego, to this United States District Court for the Southern District of California.

Dated: September 15, 2011

SCOTT J. WITLIN
BARNES & THORNBURG LLP

By  /S/ Scott J. Witlin
Scott J. Witlin
Attorneys for Defendants
CENTERPLATE, INC. and
CENTERPLATE OF DELAWARE, INC.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2049 Century Park East, Suite 3550, Los Angeles, CA 90067. On September 15, 2011, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF CIVL ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY** on the interested party(ies) below, using the following means:

| Roger Carter<br>THE CARTER LAW FIRM<br>2030 Main Street, Suite 1300<br>Irvine, CA 92614 | Scott B. Cooper<br>THE COOPER LAW FIRM, P.C.<br>2030 Main Street, Suite 1300<br>Irvine, CA 92614 |
|---|---|
| Marc H. Phelps<br>The Phelps Law Group<br>9595 Wilshire Blvd., Suite 900<br>Beverly Hills, CA 90254 | |

☒ **BY OVERNIGHT DELIVERY** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 15, 2011 at Los Angeles, California.

Rose Shushanyan                                  *[signature]*
Print Name                                       Signature