[Counsel of Record Listed on Next Page]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIP WILLIAMS, individually; ADELAIDA GALINDEZ, individually; JUPITER RAMIREZ, individually; and on behalf of all others similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>CENTERPLATE, INC., a Delaware Corporation; CENTERPLATE OF DELAWARE, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 3:11-cv-02159-H-KSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**[Declaration of Tim Cunningham and Steve L. Hernandez filed concurrently herewith]**<br><br>Date:  June 24, 2013<br>Time:  10:30 a.m.<br>Ctrm:  15A |

Scott B. Cooper (State Bar No. 174520)
**THE COOPER LAW FIRM, P.C.**
2030 Main Street, Suite 1300
Irvine, California 92614
Telephone:  (949) 724-9200
Facsimile:   (949) 724-9255
scott@cooper-firm.com

Roger R. Carter (State Bar No. 140196)
**THE CARTER LAW FIRM**
2030 Main Street, Suite 1300
Irvine, California 92614
Telephone:  (949) 260-4737
Facsimile:   (949) 260-4754
roger@carterlawfirm.net

Marc H. Phelps (State Bar No. 237036)
**THE PHELPS LAW GROUP**
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Telephone:  (310) 492-4370
Facsimile:  (310) 492-4371
marc@phelpslawgroup.com

Attorneys for Plaintiff, Chip Williams

Raul Cadena (State Bar No. 185787)
**CADENA CHURCHILL LLP**
701 B Street
San Diego, California  92101
Telephone:  (619) 546-0888
Facsimile:   (619) 923-3208
rcadena@cadenachurchill.com

Paul D. Jackson (State Bar No. 59542)
**LAW OFFICES OF PAUL D. JACKSON**
10951 Sorrento Valley Road, Suite 1-G
San Diego, CA 92121
Telephone:  (858) 552-4900
Facsimile:   (858) 552-49904
paul@jacksonlaw.biz

Attorneys for Plaintiffs, Adelaida Galindez and Jupiter Ramirez

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................... 1

II.    SUMMARY OF ACTION AND PROCEDURAL STATUS ................ 3

       A. The Complaint, the Parties' Factual Investigations,
          and Mediation ................................................................. 3

       B. The Court Granted Preliminary Approval of the Class Action
          Settlement and Ordered that Notice be Sent to the Class.............. 3

       C. The Notice and Claims Process ........................................ 4

III.   ARGUMENT AND CITATION OF AUTHORITIES........................... 5

       A. Standard of Review..................................................... 5

       B. The Relevant Considerations Employed by Courts in This Circuit
          Favor Approval of the Settlement ..................................... 7

          1. Strength of Plaintiffs' Case.......................................... 7

          2. The Amount Offered in Settlement ............................... 9

          3. The Risk, Expense, Complexity, and Likely Duration of
             Further Litigation.................................................... 9

          4. Risk of Maintaining a Class Action Through
             Trial and Appeal .................................................... 11

          5. Extent of Discovery Completed and the Stage of the
             Proceedings......................................................... 12

          6. The Experience and Views of Counsel ......................... 13

          7. The Reaction of the Settlement Class Members to the
             Settlement .......................................................... 13

          8. The Settlement Procedure........................................ 14

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

C. Final Certification for Settlement Purposes is Appropriate ............ 14

IV.    CONCLUSION ........................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Anixter v. Home-Stake Prod.Co.,* 77 F.3d 1215 (10th Cir. 1996)............... 11

*Backman v. Polaroid Corp.,* 910 F.2d 10 (1st Cir. 1990)........................11

*Boyd v. Bechtel Corp.,* 485 F. Supp. 610 (N.D. Cal. 1979)......... ............5, 13

*Bullock v. Administrator of Estate of Kircher,* 84 F.R.D. 1 (D.N.J. 1979)..... 9

*Chatelain v. Prudential-Bache Sec.,* 805 F. Supp. 209 (S.D.N.Y. 1992).......12

*Churchill Village v. General Electric,* 361 F.3d 566 (9th Cir. 2004)............ 7

*Class Plaintiffs v. City of Seattle,* 955 F.2d 1268 (9th Cir. 1992).............2, 6

*Eisen v. Carlisle & Jacqueline,* 417 U.S. 156 (1974) ...................................... 5

*Eisenstadt v. Centel Corp.,* 113 F.3d 738 (7th Cir. 1997) .................................. 11

*Ellis v. Naval Air Rework Facility,* 87 F.R.D. 15 (N.D. Cal. 1980).......... 6, 13

*Fecht v. Northern Telecom Ltd. (In re Northern Telecom Ltd. Sec. Litig.),*
116 F. Supp. 2d 446 (S.D.N.Y. 2000) ................................................................. 11

*Fisher Bros. v. Cambridge-Lee Industries, Inc.,*
630 F. Supp. 482 (E.D. Pa. 1985) ..................................................................... 13

*Grant v. Bethlehem Steel Corp.,* 823 F.2d 20 (2d Cir. 1987)........................... 5

*Grunin v. International House of Pancakes,* 513 F.2d 114 (8th Cir. 1975) ..... 5

*Hanlon v. Chrysler Corp,* 150 F.3d 101 (9th Cir. 1996)........................ 6, 7

*Hervey v. City of Little Rock,* 787 F.2d 1223 (8th Cir. 1986) ........................... 11

*In re Apple Computer Sec. Litig.,*
1991 U.S. Dist. LEXIS 15608 (N.D. Cal. 1991) ............................................... 11

## TABLE OF AUTHORITIES (CONT'D)

*In re King Res. Co. Sec. Litig.,* 420 F. Supp. 610 (D. Colo. 1976) .................. 13

*In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454 (9th Cir. 2000) ..................... 6

*In re PaineWebber Ltd. Pships. Litig.,* 171 F.R.D. 104 (S.D.N.Y. 1997)......13

*In re Patriot Am. Hospitality, Inc. Sec. Litig., (Open Market Action)*
2005 U.S. Dist. LEXIS 40995 (N.D. Cal. 2005)................................. . 14

*In re Veritas Software Corp. Sec. Litig.,*
2005 U.S. Dist. LEXIS 30880 (N.D. Cal. 2005)................................. . 10

*In re Warner Communications Sec. Litig.,*
618 F. Supp. 735 (S.D.N.Y. 1985)…............................................. .........12, 14

*Lewis v. Newman,* 59 F.R.D. 525 (S.D.N.Y. 1973)............................... 7

*Linney v. Cellular Alaska Partnership,* 151 F.3d 1234 (9th Cir. 1998).......6, 7

*Milstein v. Huck,* 600 F. Supp. 254 (E.D.N.Y. 1984).........................…....9, 14

*Nelson v. Bennett,* 662 F. Supp. 1324 (E.D. Cal. 1987) ................................... 7

*Officers for Justice v. Civil Serv. Comm'n,*
688 F.2d 615 (9th Cir. 1982)……………………………………… ... 6

*Petrovic v. Amoco Oil Co.,* 200 F.3d 1140 (8th Cir. 1999)............................ 11

*Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985)................................... 5

*Robbins v. Koger Props, Inc.,* 116 F.3d 1441 (11th Cir. 1997) ....................... 11

*Ross v. A.H. Robins,* 700 F. Supp. 682 (S.D.N.Y. 1988) ................................ 14

*Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943 (9th Cir. 1976)....................... 2

*West Virginia Chas. Pfizer & Co.,* 314 F. Supp. 710 (S.D.N.Y. 1970) ........... 8

# TABLE OF AUTHORITIES (CONT'D)

## RULES

Federal Rules of Civil Procedure, Rule 23...................................3, 5, 6

## TREATISES

Manual for Complex Litigation 2d .................................................... 14

Newberg on Class Actions 3rd   ........................................................ 7

Newberg on Class Actions 4th  ........................................................ 2

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On **January 25, 2013**, this Court issued an Order granting preliminary approval of the class action settlement ("Settlement") reached by Plaintiffs and Class Representatives Chip Williams, Adelaida Galindez and Jupiter Ramirez ("Plaintiffs" or "Class Representatives") and Defendants Centerplate, Inc. and Centerplate of Delaware, Inc. (collectively "Defendants", "Centerplate", or the "Company") (together hereinafter as the "Parties") and directed that notice be sent to the California settlement class.   Plaintiff now asks the Court to grant final approval of the Class Settlement, which Plaintiffs submit is fair, adequate and reasonable to the settlement class.

As explained in further detail below, the Court should grant final approval because:

- The Settlement is fair, reasonable, and adequate.

- The total amount paid to all Participating Class Members is $239,363.14 (approximately 63.49% of the total funds available).   (Declaration of Tim Cunningham ("Cunningham Decl."), ¶ 19).

- Not a single Class Member has objected to the settlement. (Cunningham Decl. ¶ 13).

- Only a small handful of Class Members (.0026%) requested exclusion from the settlement.  (Cunningham Decl. ¶ 14.)

- Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Defendants sent notice of the settlement and its terms, including the information required by 28 U.S.C. § 1715(b), to the United States Attorney General, the California Attorney General's Office, the California Department of Labor Standards Enforcement, U.S. Department of Labor, CAFA Coordinator, and the offices of the Attorneys General of 44 states where

- 1 -

class members reside[1]. (See Declaration of Steve L. Hernandez ("Hernandez Decl."), ¶2.)

- As a result of the claims administration process, 2,212 Participating Class Members will receive a monetary payment from the Settlement. (Cunningham Decl. ¶12.) Under the terms of the Settlement, these Participating Class Members will receive approximately $239,363.14. (*Id.* at ¶ 19.) The highest Settlement Payment to be paid to a Participating Class Member is estimated at $1,298.26 and the average California claimant will receive over $108. (*Id.* at ¶ 19.)[2] By resolving this matter now, these class members will receive a guaranteed recovery without risk of nonpayment, delay, or an adverse judgment at trial.

Also supporting approval is the recognition in the law favoring settlement in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. See 4 Newberg on Class Action 4th (4th ed. 2002); *Class Plaintiffs v. City of Seattle*, 955 F. 2d 1268, 1276 (9th Cir. 1992); *Van Bronkhorst v. Safeco Corp.*, 529 F. 2d 943, 950 (9th Cir.

---

[1] Prior to the Final Approval hearing Defendant will file a supplemental declaration advising the Court if any office  expressed to counsel for the Parties any opposition or objection to the settlement.

[2] All of the payout amounts (both individual and aggregate) reported in this Motion and the Cunningham Declaration are subject to all applicable taxes and withholdings, including both the employees' and employer's share of payroll taxes. The Settlement Administrator has not yet calculated the exact amounts of the employer's portion of the payroll taxes for each participating California Settlement Class member.

MEMORANDUM OF POINTS AND AUTHORITIES

1  1976).  For these and other reasons set forth below, Plaintiffs respectfully request
2  that the Court grant this motion for final approval of the class action settlement.

3  **II.    SUMMARY OF ACTION AND PROCEDURAL STATUS**

4  **A.    The Complaint, the Parties' Factual Investigations and Mediation**

5         In order to avoid duplication, Plaintiffs refer the Court to Section II.A. of their
6  Motion for Attorneys' Fees, Costs, and Class Representative Enhancements (at
7  pages 2-3) for a discussion of the factual and procedural background of the case,
8  including discovery, law & motion, and mediation.  (*See also* Declaration of Roger
9  R. Carter dated May 24, 2013 filed in support of the Motion for Award of Attorneys'
10 Fees, Costs, and Class Representative Enhancements ("5/24/13 Carter Decl."), ¶¶ 5-
11 10.)  That motion is scheduled to be heard the same day as this Motion.

12 **B.    The Court Granted Preliminary Approval of the Class Action**
13 **Settlement and Ordered That Notice be Sent to the Class**

14        On **December 28, 2012**, Plaintiffs filed their motion for Preliminary
15 Approval requesting that the Court preliminarily approve the settlement and direct
16 notice to the class.  The Court granted Plaintiffs' motion on **January 25, 2013**,
17 finding that Plaintiffs have made a sufficient showing that the requirements of
18 Federal Rule of Civil Procedure 23 ("Rule 23") are satisfied and the terms of the
19 proposed settlement are likely to be fair, adequate, and reasonable.   (Order
20 Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval
21 Order"), Dkt. No. 48,  pp. 3-7, ¶ I.)  Further, the Court determined that there were
22 no obvious deficiencies or grounds to doubt the fairness of the settlement.  (*Id.*at
23 pp. 6-7, ¶ II.)

24        The Court further approved the proposed Class Notice and found that the
25 procedure set forth in the Settlement Agreement for providing notice to the Class
26 would provide the best notice practicable, satisfy the notice requirements of Rule
27 23(e), adequately advise Class Members of their rights under this Settlement, and
28 therefore met the requirements of due process.  As a result, the Court ordered that

the Class Notice be mailed by the Claims Administrator to all Class Members (including "skip trace" searches to obtain more current addresses and the mailing of a postcard reminder to those Class Members who have not responded). (*Id.* at p. 8-9, ¶ IV.)

The Court also ordered that:   (1) The class be preliminarily certified under FRCP 23(b)(3) for settlement purposes; (2) Chip Williams, Adelaida Galindez and Jupiter Ramirez be designated as class representatives; (3) The Cooper Law Firm, P.C., The Carter Law Firm, and The Phelps Law Group  be appointed as class counsel[3] and (4) a Final Approval Hearing be held on January  24, 2013. (*Id.* at p. 10.)

### C.     The Notice and Claims Process

Consistent with the Court's Order and the Settlement Agreement, the Claims Administrator mailed the Class Notice (Exhs. A-B to the Cunningham Decl.) to the Class on **February 19, 2013**. (Cunningham Decl., ¶ 8.)  Prior to this mailing, the Claims Administrator checked the National Change of Address Database, and for those Notices that were returned without a forwarding address, multiple additional address traces were performed. (*Id.* at ¶ ¶ 7, 10-11.)  Through these address trace efforts, the Settlement Administrator was able to locate a current address for all but 397 Class Members. (*Id.* at ¶ 11.)

The last date to file a request to be excluded from the Settlement was **April 20, 2013**. (*Id.* at ¶8).  Only a small handful of Class Members (.0026%) have asked

---

[3] Class counsel also include Raul Cadena of Cadena Churchill LLP and Paul D. Jackson of L/O of Paul D. Jackson.  They jointly represent Plaintiffs, Adelaida Galindez and Jupiter Ramirez.   Mr. Cadena and Mr. Jackson have submitted declarations regarding their experience and qualifications in support of the Motion for Award of Attorneys' Fees, Costs, and Class Representative Enhancements. That motion is set to be heard the same day as this Motion.

to be excluded. *(Id.* at ¶ 14.) Thus, as of the filing of this Motion, 2,212 Class Members have agreed to participate in the settlement, and the total payout is estimated at $$239,363.14 (approximately 63.49% of the Net Settlement Proceeds). *(Id.* at ¶¶ 12 & 19.)

The Notice clearly apprised Class Members of their right to object to the Settlement and the method for doing so. (Cunningham Decl., Ex. A, pp. 3-4.) The deadline for objecting was May 10, 2013 *(Id.*at ¶ 13 and Ex. A, p. 4), and to date, no member of the Settlement Class has objected to the Settlement. (Cunningham Decl., ¶ 13.) *Compare Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 24 (2d Cir. 1987) (approving class settlement where 45 of the 126 class members (approximately 36%) expressed opposition to the settlement); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979) (approved despite approximately 16% of class having filed opposition).

The notice and claims process was successful and complied with constitutional due process. See *Phillips Petroleum Co.*, 472 U.S. at 812-813 (holding that "a fully descriptive notice [that] is sent [by] first-class mail to each class member, with an explanation of the right to 'opt out,' satisfies due process"); *Grunin v. International House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975) (holding that "individualized notice by mail to the last known address [is] the 'best notice practicable' in a class action contest"), *cert. denied*, 423 U.S. 864, 96 S. Ct. 124, 46 L. Ed. 2d 93 (1975), *citing Eisen*, 417 U.S. at 174-77.

## III.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   Standard of Review

Rule 23(e) of the Federal Rules of Civil Procedure provides: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class . . ."   In deciding whether to approve a proposed settlement, the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where

1   complex class action litigation is concerned." *See Linney v. Cellular Alaska*
2   *Partnership*, 151 F.3d 1234, 1238 (9th Cir. 1998); *Class Plaintiffs v. City of*
3   *Seattle*, 955 F.2d 1268, 1276 (9th Cir.), *cert. denied*, 506 U.S. 953 (1992).

4       In making its assessment pursuant to Rule 23(e) the Court's evaluation of
5   what is otherwise "a private consensual agreement negotiated between the parties
6   to a lawsuit must be limited to the extent necessary to reach a reasoned judgment
7   that the agreement is not the product of fraud or overreaching by, or collusion
8   between, the negotiating parties, and that the settlement, taken as a whole, is fair,
9   reasonable, and adequate to all concerned." *Officers For Justice v. Civil Serv.*
10  *Comm.*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983); see
11  also *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000); *Hanlon v.*
12  *Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

13      A settlement hearing is "not to be turned into a trial or rehearsal for trial on
14  the merits," nor should the proposed settlement "be judged against a hypothetical
15  or speculative measure of what *might* have been achieved by the negotiators."
16  *Officers for Justice*, 688 F.2d at 625 (emphasis in original).   To the contrary, the
17  involvement of experienced class action counsel and the fact that the settlement
18  agreement was reached in arm's-length negotiations, after relevant discovery had
19  taken place create a presumption that the agreement is fair. See *Ellis v. Naval Air*
20  *Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir.
21  1981).

22      As explained above, the settlement was reached after vigorous litigation by
23  experienced counsel on both sides, and then only after extensive investigation,
24  informal discovery, formal discovery, a full day mediation session with an
25  experienced and respected wage and hour mediator, and months of protracted and
26  extensive arms-length negotiations regarding the exact terms and conditions of the
27  settlement, notice, and claim form.   Indeed, the final terms of the parties'
28  Settlement Agreement took months to resolve in order to ensure that the interests of

1  the class were adequately protected in the settlement.  (Carter Decl., ¶ 5-9.)  Under
2  these circumstances, the settlement should be afforded a presumption of fairness.

3  **B.**   **The Relevant Considerations Employed by Courts in This Circuit**
4  **Favor Approval of the Settlement**

5  A presumption of fairness exists where: (1) the settlement is reached through
6  arms-length bargaining; (2) investigation and discovery are sufficient to allow
7  counsel and the Court to act intelligently; (3) counsel is experienced in similar
8  litigation; and (4) the percentage of objections is small.   Newberg & Conte,
9  *Newberg On Class Actions* (3d ed. 1992), § 11.41, pp. 11-91.  The Ninth Circuit
10  Court of Appeal has explained that courts should consider "some or all" of the
11  following factors in determining whether a proposed settlement is fair, reasonable,
12  and adequate: (1) the strength of the plaintiffs' case; (2) the risk, expense,
13  complexity, and likely duration of further litigation; (3) the risk of maintaining
14  class action status throughout the trial; (4) the amount offered in settlement; (5) the
15  extent of discovery completed and the stage of the proceedings; (6) the experience
16  and views of counsel; and (7) the reaction of the class members to the proposed
17  settlement.  *Churchill Village v. General Electric*, 361 F.3d 566, 575 (9th Cir.),
18  *cert. denied*, 543 U.S. 818 (2004), citing *Hanlon*, 150 F.3d at 1026; *see also*
19  *Linney*, 151 F.3d at 1242.  One factor alone may prove determinative. *Id.*

20  As applied to the instant action, the presumption of fairness in this litigation
21  is fully warranted as the foregoing factors endorse approval of the Settlement.

22  **1.    Strength of Plaintiff's Case**

23  In evaluating a settlement in this type of complex litigation, courts have long
24  recognized that such litigation "is notably difficult and notoriously uncertain."
25  *Lewis v. Newman*, 59 F.R.D. 525, 528 (S.D.N.Y. 1973) (footnote omitted.).  Thus,
26  compromise is particularly appropriate.  *Nelson v. Bennett*, 662 F. Supp. 1324,
27  1334 (E.D. Cal. 1987).

28

1    To succeed at trial, the Plaintiffs here would have to prevail on each and
2    every element of their claims. There are significant legal uncertainties associated
3    with meal and rest period claims, such claims can be factually complex and require
4    protracted litigation to resolve.  Plaintiffs believed that their case was suitable for
5    certification on the basis that there were company-wide policies that affected the
6    Class which could be established using company documents and representative
7    testimony that would not require separate mini-trials on liability.

8    Centerplate, however, vigorously contested liability and would have
9    presented several significant defenses to the meal and rest period claims and <u>Labor</u>
10   <u>Code</u> § 2802 claims as well as to class certification.  Centerplate maintained that
11   resolution of these issues required individualized analysis of the nature of the Class
12   Members' work, job duties and responsibilities because Centerplate's practices and
13   procedures varied by department, location, supervisor, job, and employee.
14   Centerplate maintained that because individual issues would predominate over
15   common facts, certification would be inappropriate. Thus, while Plaintiffs believe
16   and continue to believe this is a strong case for certification, there is risk and
17   significant expense associated with class certification proceedings.

18   There were also significant legal uncertainties associated with the liability
19   issues, as discussed on page 11 of Plaintiffs' Motion for Attorneys' Fees, Costs,
20   and Class Representative Enhancements.  In sum, while Plaintiffs believe they have
21   arguments and evidence to counter each one of Centerplate's positions, there is no
22   guarantee that a judge or jury would agree. *See West Virginia Chas. Pfizer & Co.*,
23   314 F. Supp. 710, 743-44 (S.D.N.Y. 1970) ("it is known from past experience that
24   no matter how confident one may be of the outcome of litigation, such confidence
25   is often misplaced."), *aff'd*, 440 F.2d 1079 (2d Cir.), cert. denied, 404 U.S. 871
26   (1971).

27
28

## 2. The Amount Offered in Settlement

Centerplate will pay a cash settlement of $239,363.14, (minus applicable taxes) to 2,212 members of the Settlement Class Members. (See Cunningham Decl. ¶¶12&19.) The amount claimed by the California Class Members represents approximately 63.49% of the available Settlement Fund[4]. (*Id.* at ¶19.) This amount is fair and reasonable.

The settlement amount is very reasonable in light of the risks involved in this case. Based on the numerous risks and unresolved questions of law associated with continuing to litigate this case (as detailed above), it is in the best interests of the Settlement Class in the present case to receive a certain award. Indeed, this Court found the proposed settlement likely to be fair, adequate, and reasonable in its Preliminary Approval Order. (Preliminary Approval Order, Dkt. No. 48, pp. 6-7, ¶ II.)

## 3. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

Courts consistently find that "[t]he expense and possible duration of the litigation are major factors to be considered in evaluating the reasonableness of [a]...settlement." *Milstein v. Huck*, 600 F. Supp. 254, 267 (E.D.N.Y. 1984); *Bullock v. Administrator of Estate of Kircher*, 84 F.R.D. 1, 10 (D.N.J. 1979). While Defendants have agreed to settle the action, if this case were to proceed, Defendants would continue to assert a vigorous defense on liability and class

---

[4] This settlement is valued at up to $650,000, with a guaranteed payout to participating class members of at least 40% of the available net settlement proceeds. The actual payout in this case is going to be much higher – roughly 63.49% of the available settlement fund, or $239,363.14. (Cunningham Decl., ¶ 19.)

certification. While Plaintiffs believe the claims are meritorious and that the Class would be able to establish liability, Plaintiffs recognize the uncertainties of trial and the risks inherent in establishing liability in a complex case of this nature.

Expert discovery and trial preparation would be expensive and complex. While certainly attainable, victory in such a complex trial is hardly assured. Thus, even if Plaintiffs prevailed in establishing liability, additional risks would remain in establishing the amount of damages sustained by the Class. See *In re Veritas Software Corp. Sec. Litig.*, 2005 U.S. Dist. LEXIS 30880 at *14-15 (N.D. Cal. Nov. 15, 2005) (challenges in proving damages and other litigation risks supported approval of settlement).

By approving the Settlement, the Court can guarantee recovery for 2,212 of Participating Settlement Class members without having the class face the risk of trial and a possible appeal. If this case were to proceed to trial, the Parties would have to expend hundreds, if not thousands, of additional hours in attorney time, and spend much more in costs. Expenses incurred for a trial would severely deplete any eventual recovery. Further, post-trial motions and appeals could force class members to wait many more years for any recovery, further reducing its value. Consequently, resolution of this case before trial will benefit the Settlement Class.

Consistent with the foregoing, it would be grossly inefficient for such a large class of current and former employees to bring individual actions to recover from Centerplate for its alleged labor law violations. Moreover, the potential recovery to each individual class member is likely not high enough to provide them with the incentive to sue individually. By granting final approval of the Settlement, the Court can eliminate all risks and provide participating Settlement Class Members with a certain recovery.

### 4. Risk of Maintaining a Class Action Through Trial and Appeal

Maintaining a class action is an expensive and risky enterprise. In addition to the thousands of hours of time and money spent, with no hope of remuneration until and unless there is either a settlement or a judgment, there is also the ever-present possibility that any victory attained by a plaintiff can be overturned. *See, e.g., Fecht v. Northern Telecom Ltd. (In re Northern Telecom Ltd. Sec. Litig.)*, 116 F. Supp. 2d 446 (S.D.N.Y. 2000) (summary judgment granted after seven years of litigation); *Robbins v. Koger Props, Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81 million for plaintiffs against an accounting firm reversed on appeal on loss causation ground and judgment entered for defendant); *Eisenstadt v. Centel Corp.*, 113 F.3d 738 (7th Cir. 1997) (affirming the lower court's granting of summary judgment in favor of defendants); *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215 (10th Cir. 1996) (overturned securities fraud class-action jury verdict for plaintiffs in case filed in 1973 and tried in 1988 on the basis of a 1994 Supreme Court opinion); *In re Apple Computer Sec. Litig.*, 1991 U.S. Dist. LEXIS 15608 (N.D. Cal. Sept. 6, 1991) (class won jury verdict against two individual defendants, but district court vacated judgment on motion for judgment notwithstanding the verdict); *Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) (where the class won a substantial jury verdict and a motion for judgment notwithstanding the verdict was denied; however, on appeal, the judgment was reversed and the case dismissed – after 11 years of litigation).

Although the Class has been certified at this time for purposes of settlement, there is no assurance that it would continue to remain certified. "A district court has a duty to assure that a class once certified continues to be certifiable under Fed. R. Civ. P. 23(a)." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1145 (8th Cir. 1999), citing *Hervey v. City of Little Rock*, 787 F.2d 1223, 1227 (8th Cir. 1986). Should

MEMORANDUM OF POINTS AND AUTHORITIES

1  this Court not finally approve the Settlement, Plaintiffs would need to prevail upon

2  their motion for class certification, which Centerplate would vigorously oppose.

3      Settlement at this time will avoid additional substantial costs, such as those

4  that have already been incurred by both Parties, as well as avoid the delay and risks

5  that would be presented by the further prosecution of this litigation. The instant

6  settlement eliminates these risks.

### 5.   Extent of Discovery Completed and the Stage of the Proceedings

9      The extent of evidentiary review completed and the stage of the proceedings

10 bear on whether settlement should be approved.   Courts look to whether

11 investigation of the facts and evidence is sufficient to allow counsel and the court

12 to act intelligently. *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735,

13 741 (S.D.N.Y 1985), *aff'd* (2d Cir. 1986).

14     The extensive discovery and motion practice (recounted above and in

15 paragraphs 5 through 8 of the Carter Decl.) clearly allowed both Parties to assess

16 their relative positions and come to the conclusion, based on the analysis of the

17 information, that settlement at this stage of the litigation was proper and that the

18 settlement terms and amount were fair, adequate and reasonable.  By the time the

19 settlement was reached, the action had proceeded to the point where both Plaintiffs

20 and Centerplate had "a clear view of the strengths and weaknesses of their cases."

21 *In re Warner Communications Sec. Litig.*, 618 F. Supp. at 745.  At the time the

22 Parties signed a binding Memorandum of Understanding setting forth the essential

23 terms of the settlement, Plaintiffs had been litigating the action for fifteen months

24 and had conducted extensive informal investigation and formal discovery.

25 Accordingly, the stage of the proceedings, and the amount of the discovery

26 completed, strongly favor approval of the Settlement. *See Chatelain v. Prudential-*

27 *Bache Sec.*, 805 F. Supp. 209, 213-14 (S.D.N.Y. 1992).

28

### 6.    The Experience and Views of Counsel

The Settlement is the product of arms-length negotiations conducted by capable counsel who are experienced in class action litigation, with the assistance of an experienced wage and hour class action mediator. (*See* Carter Decl., ¶ 16-20, Declaration of Scott B. Cooper ("Cooper Decl.") ¶3-11; Declaration of Marc H. Phelps ("Phelps Decl."), ¶ 4-8; Declaration of Raul Cadena ("Cadena Decl."), ¶¶ 3-8; Declaration of Paul Jackson ("Jackson Decl.", ¶¶1-5).   Centerplate was represented by very skilled and capable counsel at a top-tier law firm.

Having conducted extensive informal investigation and discovery in this case and having assessed the risks of continued litigation, it is the view of Class Counsel that the settlement appropriately reflects the relative strengths of the parties' respective claims and defenses, as well as the substantial risk presented in continuing the litigation. (Carter Decl. at ¶10.)  Such recommendations should be given a presumption of reasonableness. *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Fisher Bros. v. Cambridge-Lee Industries, Inc.*, 630 F. Supp. 482, 488 (E.D. Pa. 1985); *Ellis*, 87 F.R.D. at 18 (the view of the attorneys actively conducting the litigation, while not conclusive, "is entitled to considerable weight"). "[C]ourts have consistently refused to substitute their business judgment for that of counsel, absent evidence of fraud or overreaching." *In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 625 (D. Colo. 1976).

### 7.    The Reaction of the Settlement Class Members to the Settlement

"A favorable reception by the Class constitutes 'strong evidence' of the fairness of a proposed settlement and supports judicial approval." *In re PaineWebber Ltd. Pships. Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997), *aff'd*, 117 F.3d 721 (2d Cir. 1997).  Here, 2,211 of the Settlement Class members have decided to participate in the Settlement, claiming 63.49% of the available Settlement Fund, only a handful of Class Members opted out, and not a single

Class Member objected to the settlement. (Cunningham Decl., ¶¶ 13-14, 19.) This demonstrates a "favorable reception" by class members to the settlement. In fact, "the absence of objectants [sic] may itself be taken as evidencing the fairness of a settlement." *Ross v. A.H. Robins*, 700 F. Supp. 682, 684 (S.D.N.Y. 1988); *see also In re Warner Communications Sec. Litig.*, 618 F. Supp. at 746 (noting that two objections to settlement was very low); *Milstein v. Huck*, 600 F. Supp. 254, 267 (E.D.N.Y. 1984) (explaining that the reaction of the class was "overwhelmingly favorable" because no objections to the settlement had been filed). Accordingly, this factor of the test is satisfied and supports final approval of the settlement.

### 8.     The Settlement Procedure

Another factor that may be considered by the Court is "the procedure by which the settlement was arrived at." *See In re Patriot Am. Hospitality, Inc. Sec. Litig. (Open Market Action)*, 2005 U.S. Dist. LEXIS 40995, *5 (N.D. Cal. 2005) ("To these factors, the court adds (9) the procedure by which the settlements were arrived at, see Manual for Complex Litigation (Second) § 30.44 (1985) . . . ."). As noted above and described in the declarations submitted with this Motion and the Motion for Preliminary Approval, the Settlement was achieved only after protracted and complex arms-length negotiations by experienced counsel, and with the assistance of an experienced mediator. There is no doubt that the settlement process was "vigorously adversarial" and, therefore, favors approval of the final settlement. See *id.* at *8 (finding that "vigorously adversarial" procedure for arriving at settlement "militates in favor of the settlement").

### C.     Final Certification For Settlement Purposes Is Appropriate

For the reasons set forth in greater detail in Plaintiffs' previously filed Motion for Preliminary Approval (*see* Dkt. No. 46), Plaintiff respectfully submits that the proposed putative Settlement Class satisfies the requirements of Fed. Civ. P. 23(b)(3) for purposes of settlement. The Court has preliminarily certified the putative Settlement Class in its Preliminary Approval Order. (*See* Dkt. No. 48).

Accordingly, Plaintiffs will not repeat that discussion here. Final certification for settlement purposes is appropriate to allow the Settlement Class Members to partake of the benefits of the Settlement, and should be granted.

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court grant final approval to the proposed Settlement and enter the proposed Judgment and Order in the form submitted concurrently herewith.

Dated: May 24, 2013                    **THE CARTER LAW FIRM**


By: _____
         Roger R. Carter
         Attorneys for Plaintiffs and the Certified
         Settlement Class